Elizabeth H. White, OSB #204729
elizabeth.white@klgates.com
**K&L GATES LLP**
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: (503) 228-3200
Facsimile: (503) 248-9085

*Attorneys for Defendants Providence St. Joseph
Health, Providence Health & Services, Providence
Health & Services – Oregon, Providence Willamette
Falls Medical Center, and Providence Portland
Medical Center*

*[additional counsel listed on signature page]*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| E.P., K.R., C.R., D.C., A.L., and B.G., individually and on behalf of all others similarly situated, | Case No. 3:24-cv-01215-JR |
| Plaintiffs, | |
| v. | **DEFENDANTS PROVIDENCE ST. JOSEPH HEALTH; PROVIDENCE HEALTH & SERVICES; PROVIDENCE HEALTH & SERVICES – OREGON; PROVIDENCE WILLAMETTE FALLS MEDICAL CENTER; PROVIDENCE PORTLAND MEDICAL CENTER'S MOTION TO DISMISS** |
| PROVIDENCE ST. JOSEPH HEALTH; PROVIDENCE HEALTH & SERVICES; PROVIDENCE HEALTH & SERVICES – OREGON; PROVIDENCE WILLAMETTE FALLS MEDICAL CENTER; PROVIDENCE PORTLAND MEDICAL CENTER; OREGON ANESTHESIOLOGY GROUP; LEGACY HEALTH; and LEGACY MOUNT HOOD MEDICAL CENTER, | |
| Defendants. | |

# TABLE OF CONTENTS

I.      LR 7-1 CERTIFICATE OF CONFERRAL.................................................................. 1

II.     MOTION........................................................................................................................ 1

III.    MEMORANDUM OF POINTS AND AUTHORITIES .............................................. 2

        A.      BACKGROUND .................................................................................................. 2

        B.      LEGAL STANDARD............................................................................................ 3

                1.      Rule 12(b)(1) Standard .............................................................................. 3

                2.      Rule 12(b)(6) Standard .............................................................................. 3

                3.      Rule 12(f) Standard.................................................................................... 4

        C.      LEGAL ARGUMENT............................................................................................ 4

                1.      The Court Must Decline to Exercise Jurisdiction Over this Dispute
                        Under 28 U.S.C. § 1332(d)(4) .................................................................. 4

                        i.      The Local Controversy Exception Applies in this Case ............... 6

                        ii.     The Home-State Controversy Exception Also Applies ................. 8

                2.      Plaintiffs Fail to State a Claim for Negligence Under Oregon Law ........ 10

                        i.      Plaintiffs Fail to Plead an Actionable Injury Under Oregon
                                Law ............................................................................................... 10

                        ii.     In the Alternative, Plaintiffs Have Failed to State a Claim
                                of Negligence Against Providence Under a Theory of
                                Direct Liability............................................................................. 14

                3.      Plaintiffs Fail to State a Claim Against Certain Providence Entities....... 17

                4.      The Court Should Strike Plaintiffs' Class Allegations ............................ 17

                        i.      Plaintiffs Cannot Maintain a Rule 23(b)(2) Class....................... 19

                        ii.     Plaintiffs Cannot Satisfy the Predominance Requirement of
                                Rule 23(b)(3)................................................................................ 20

        D.      CONCLUSION................................................................................................... 22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.B. v. Hilton Worldwide Holdings*,
    484 F. Supp. 3d 921 (D. Or. 2020) .........................................................................17

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).................................................................................................3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).................................................................................................3

*Bey v. SolarWorld Indus. Am., Inc.*,
    904 F. Supp. 2d 1096 (D. Or. 2012) ....................................................................5, 6

*Canales-Robles v. Peters*,
    No. 6:16-cv-01395-AC, 2022 WL 621390 (D. Or. Mar. 3, 2022).........................18

*Cashatt v. Ford Motor Co.*,
    No. 3:19-cv-05886, 2021 WL 1140227 (W.D. Wash. Mar. 24, 2021)..................17

*Chesterman v. Barmon*,
    82 Or. App. 1 (1987),
    *aff'd and remanded*, 305 Or. 439 (1988) ..............................................................15

*Curtis v. MRI Imaging Servs. II*,
    327 Or. 9, 956 P.2d 960 (1998) ......................................................................11, 13

*Demarest v. HSBC Bank U.S.*,
    920 F.3d 1223 (9th Cir. 2019) ...............................................................................4

*Derby v. Columbia Cnty.*,
    No. 3:21-cv-1030-HL, 2022 WL 1090531 (D. Or. Feb. 8, 2022) .........................17

*Dodd v. AA & S Corp.*,
    No. 3:17-CV-00246-AC, 2017 WL 4020426 (D. Or. Aug. 25, 2017)...................16

*Fantasy, Inc. v. Fogerty*,
    984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds*,
    *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) .......................................................4

*Hammond v. Cent. Lane Commc'n Ctr.*,
    312 Or. 17, 816 P.2d 593 (1991) ..........................................................................11

Page ii –   DEFENDANTS PROVIDENCE ST. JOSEPH HEALTH; PROVIDENCE HEALTH
          & SERVICES; PROVIDENCE HEALTH & SERVICES – OREGON;
          PROVIDENCE WILLAMETTE FALLS MEDICAL CENTER; PROVIDENCE
          PORTLAND MEDICAL CENTER'S MOTION TO DISMISS

*Johnson v. Columbia Props. Anchorage, LP,*
   437 F.3d 894 (9th Cir. 2006) .................................................8

*Jones v. City of Hillsboro,*
   No. 3:14-CV-1934-ST, 2015 WL 5737647 (D. Or. Sept. 29, 2015) ......................15

*Kingman Reef Atoll Invs., LLC v. United States,*
   541 F.3d 1189 (9th Cir. 2008) .................................................3

*Lowe v. Phillip Morris USA, Inc.,*
   344 Or. 403, 183 P.3d 181 (2008) .................................................11

*Lujan v. Defenders of Wildlife,*
   504 U.S. 555 (1992).................................................3

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC,*
   31 F.4th 651 (9th Cir. 2022) .................................................20

*Ott v. Mortg. Invs. Corp. of Ohio, Inc.,*
   65 F. Supp. 3d 1046 (D. Or. 2014) .................................................4

*Paul v. Providence Health Sys. – Oregon,*
   351 Or. 587, 273 P.3d 106 (2012) .................................................13, 14

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.,*
   208 F.R.D. 625 (W.D. Wash. 2002) .................................................20

*Rosen v. Walters,*
   719 F.2d 1422 (9th Cir. 1983) .................................................3

*Rustvold v. Taylor,*
   171 Or. App. 128, 14 P.3d 675 (2000).................................................11, 12, 13

*Sanders v. Apple Inc.,*
   672 F. Supp. 2d 978 (N.D. Cal. 2009) .................................................18

*Singh v. Am. Honda Fin. Corp.,*
   925 F.3d 1053 (9th Cir. 2019) .................................................8

*Starr v. Bacca,*
   652 F.3d 1202 (9th Cir. 2011) .................................................4

*Steering Comm. v. Exxon Mobil Corp.,*
   461 F.3d 598 (5th Cir. 2006) .................................................21

*Tate v. Freedom Mortg. Corp.,*
   No. 6:22-CV-01922-AA, 2023 WL 8006194 (D. Or. Nov. 17, 2023) .................................................4

Page iii – DEFENDANTS PROVIDENCE ST. JOSEPH HEALTH; PROVIDENCE HEALTH
   & SERVICES; PROVIDENCE HEALTH & SERVICES – OREGON;
   PROVIDENCE WILLAMETTE FALLS MEDICAL CENTER; PROVIDENCE
   PORTLAND MEDICAL CENTER'S MOTION TO DISMISS

*Towner v. Bernardo*,
   304 Or. App. 397, 467 P.3d 17 (2020)..................................................................16

*Tunac v. United States*,
   897 F.3d 1197 (9th Cir. 2018) ........................................................................3

*Tyson Foods, Inc. v. Bouaphakeo*,
   577 U.S. 442 (2016)........................................................................................20

*Valentino v. Carter-Wallace, Inc.*,
   97 F.3d 1227 (9th Cir. 1996) .........................................................................22

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011).........................................................................................19

*Zehr v. Haugen*,
   318 Or. 647, 871 P.2d 1006 (1994) ...............................................................11

*Zinser v. Accufix Rsch. Inst., Inc.*,
   253 F.3d 1180 (9th Cir. 2001) .......................................................................19

**Statutes**

28 U.S.C. § 1332(d) ....................................................................................................5

28 U.S.C. § 1332(d)(2) ...........................................................................................5, 22

28 U.S.C. § 1332(d)(4) ..................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(1).........................................................................................1, 3

Fed. R. Civ. P. 12(b)(6).........................................................................1, 3, 17, 22

Fed. R. Civ. P. 12(f).........................................................................................1, 4, 22

Fed. R. Civ. P. 23 ...............................................................................4, 17, 22

Fed. R. Civ. P. 23(a) ...............................................................................................18

Fed. R. Civ. P. 23(b) ...............................................................................................18

Fed. R. Civ. P. 23(c)(4)............................................................................................22

# I.     <u>LR 7-1 CERTIFICATE OF CONFERRAL</u>

In accordance with LR 7-1(a), counsel for defendants Providence St. Joseph Health, Providence Health & Services, Providence Health & Services – Oregon, Providence Willamette Falls Medical Center, and Providence Portland Medical Center (collectively, "Providence") certify that they conferred with counsel for plaintiffs E.P., K.R., C.R., D.C., A.L., and B.G. (collectively, "Plaintiffs") on November 20, 2024, by videoconference before bringing this motion to dismiss (the "Motion"). Plaintiffs oppose this Motion.

# II.     <u>MOTION</u>

Providence moves, under Federal Rule of Civil Procedure 12(b)(1), for entry of an order declining to exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(4). In the event the Court determines that it is appropriate to exercise subject matter jurisdiction over this action, Providence moves under Rule 12(b)(6) for its dismissal from this action for failure to state a claim upon which relief can be granted. In the alternative, Providence moves, under Rule 12(f), to strike Plaintiffs' class allegations. This Motion is supported by the following memorandum of points and authorities, and the concurrently filed Declarations of Keenan J. Williamson ("Williamson Decl.") and Tim Czuk ("Czuk Decl."). For the reasons discussed below, and those raised in the motions to dismiss filed by defendants Oregon Anesthesiology Group, Legacy Health, and Legacy Mount Hood Medical Center, which Providence joins in full, the Court should dismiss Plaintiffs' claims against Providence.

### III. <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### A. <u>BACKGROUND</u>

Providence provides health care services in multiple states, including Washington and Oregon. *See* First Amended Complaint ("FAC") ¶¶ 19-25.[1] Oregon Anesthesiology Group ("OAG") is a professional services corporation that is organized under the laws of the State of Oregon. *Id.* ¶ 29. OAG is a physician-owned practice that represents more than 200 providers of anesthesiologist services in more than 20 facilities. *Id.* In or around June 2024, OAG learned that one of its anesthesiologists, who had provided services at Providence facilities in Oregon, allegedly failed to follow certain infection control practices. *Id.* ¶¶ 45, 46. OAG subsequently suspended the physician and informed Providence of what occurred. *Id.* In or around July 2024, Providence notified approximately 2,200 patients who had received surgical treatment in Oregon of a possible infection control breach that potentially could have exposed the individuals to hepatitis B, hepatitis C, and/or human immunodeficiency virus ("HIV"). *Id.* ¶¶ 47, 48.

On July 26, 2024, Plaintiffs filed a class action complaint against Providence and OAG for claimed injuries related to the alleged infection control breach. *See generally* FAC. On July 31, 2024, they filed the FAC, adding Legacy Health and Legacy Mount Hood Medical Center (together, "Legacy") as defendants.[2] Four of the six named plaintiffs in this action (E.P., K.R., C.R., and D.C.) allege they received anesthesia services at Providence. *Id.* ¶¶ 1, 63, 70, 77, 82. Of these four, only three have undergone testing for hepatitis B, hepatitis C, and HIV, but none

---

[1] The factual allegations in the FAC are taken as true for purposes of this Motion. *See infra*, Section III.B.2.

[2] The OAG physician also provided anesthesiologist services at Legacy's Mount Hood Medical Center. FAC ¶ 46.

Page 2 –   DEFENDANTS PROVIDENCE ST. JOSEPH HEALTH; PROVIDENCE HEALTH & SERVICES; PROVIDENCE HEALTH & SERVICES – OREGON; PROVIDENCE WILLAMETTE FALLS MEDICAL CENTER; PROVIDENCE PORTLAND MEDICAL CENTER'S MOTION TO DISMISS

alleges having tested positive for any infection. *Id.* ¶¶ 63-104. None of the four named plaintiffs who asserts a claim against Providence alleges that they suffered any physical injury. *See generally* FAC. Rather, they allege only that they suffered emotional distress. *Id.* ¶¶ 133-34.

## B.    LEGAL STANDARD

### 1.    Rule 12(b)(1) Standard

Where a district court lacks subject matter jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(b)(1). The party who seeks to invoke the subject matter jurisdiction of the court bears the burden of establishing that such jurisdiction exists. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The court may hear evidence regarding subject matter jurisdiction and resolve factual disputes where necessary. *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008). A court must determine its subject matter jurisdiction before deciding the merits of a case. *See Tunac v. United States*, 897 F.3d 1197, 1201 (9th Cir. 2018) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction.") (citation omitted)).

### 2.    Rule 12(b)(6) Standard

Where the plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For the purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff, and the allegations are taken as true. *Rosen v. Walters*, 719 F.2d 1422, 1424 (9th Cir. 1983). Regardless, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009). Rather, to state a plausible

claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Bacca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

### 3. Rule 12(f) Standard

Rule 12(f) authorizes the court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). Importantly, class allegations may be stricken at the pleading stage. *Ott v. Mortg. Invs. Corp. of Ohio, Inc.*, 65 F. Supp. 3d 1046, 1062 (D. Or. 2014) (citing *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 212 (9th Cir. 1975)). Courts will strike class allegations before discovery and in advance of a motion for class certification when it is evident that a plaintiff cannot satisfy the requirements of Rule 23. *Id.*; *Tate v. Freedom Mortg. Corp.*, No. 6:22-CV-01922-AA, 2023 WL 8006194, at *3 (D. Or. Nov. 17, 2023).

### C. LEGAL ARGUMENT

### 1. The Court Must Decline to Exercise Jurisdiction Over this Dispute Under 28 U.S.C. § 1332(d)(4)

Plaintiffs allege that the Court has subject matter jurisdiction over this dispute pursuant to the minimal diversity requirement of the Class Action Fairness Act ("CAFA").[3] FAC ¶ 7.

---

[3] Plaintiffs also allege that this Court has subject matter jurisdiction under § 1332 because the dispute "is between citizens of different States" and "the amount in controversy exceeds the sum or value of $75,000." FAC ¶ 8. Complete diversity of citizenship, however, is not present in this action. All Plaintiffs are citizens of Oregon, *see* FAC ¶¶ 12–17, and defendants Legacy and OAG are Oregon corporations with principal places of business in Portland, Oregon. *Id.* ¶¶ 26, 29. Further, defendant Providence Health & Services – Oregon is an Oregon corporation. *Id.* ¶ 22; *see also Demarest v. HSBC Bank U.S.*, 920 F.3d 1223, 1226 (9th Cir. 2019) (explaining that

Page 4 – DEFENDANTS PROVIDENCE ST. JOSEPH HEALTH; PROVIDENCE HEALTH & SERVICES; PROVIDENCE HEALTH & SERVICES – OREGON; PROVIDENCE WILLAMETTE FALLS MEDICAL CENTER; PROVIDENCE PORTLAND MEDICAL CENTER'S MOTION TO DISMISS

Codified at 28 U.S.C. § 1332(d), CAFA provides district courts with non-exclusive original jurisdiction of class actions where the matter in controversy exceeds $5 million and in which any member of the plaintiff class is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d)(2). CAFA's minimal diversity requirement, however, is not absolute, and § 1332(d)(4) provides two mandatory exceptions to this rule.

First, the "local controversy" exception requires a district court to decline to exercise jurisdiction over a class action where: (1) "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed"; (2) "at least one defendant is a defendant from whom significant relief is sought by members of the plaintiff class, whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class, and who is a citizen of the State in which the action was originally filed"; (3) "the principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed"; and (4) "during the three-year period preceding the filing of the class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. §1332(d)(4)(A); *Bey v. SolarWorld Indus. Am., Inc.*, 904 F. Supp. 2d 1096, 1100 (D. Or. 2012).

Second, the "home-state controversy" exception requires that a district court decline to exercise jurisdiction where: (1) "two-thirds or more of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" and (2) "the primary defendants are citizens of the State in which the action was originally filed."

---

§ 1332 requires "complete diversity" of citizenship, meaning that "the citizenship of each plaintiff is diverse from the citizenship of each defendant.").

U.S.C. §1332(d)(4)(B); *Bey*, 904 F. Supp. 2d at 1101. In determining whether to apply these exceptions, "it is permissible for a court to apply common sense and reasonable inferences." *Id.* at 1102.

### i.     The Local Controversy Exception Applies in this Case

Here, the Court must decline to exercise jurisdiction under the local controversy exception. First, greater than two-thirds of the putative class members are citizens of Oregon. As explained in the Declaration of Keenan Williamson, on or around July 11, 2024, Providence notified approximately 2,209 current or former patients who received surgical care in Oregon that they may have been exposed to HIV and/or hepatitis. Williamson Decl. ¶ 7(a). Of these patients, Providence's records reflect that approximately 2,127, or 96%, reported having a home address in Oregon, meaning that they presumptively are domiciled in Oregon. *Id.* ¶ 7(b); *see Bey*, 904 F. Supp. 2d at 1102-03 ("In addition, common sense tells the Court that it is highly likely that greater than two-thirds of the putative class (which consists only of persons who worked for 'SolarWorld' in Hillsboro, Oregon during the relevant time period) were residents of Oregon and, thus, presumptively domiciled in Oregon and, hence, citizens of Oregon."). Because Legacy notified only 221 patients of the breach in infection control practices, the Court reasonably can infer that greater than two-thirds of the putative class members are citizens of Oregon, *i.e.*, the result is the same even in the unlikely event that all of Legacy's 221 patients are non-Oregon residents. *See* FAC ¶ 52 ("In or around July 2024, Defendant Legacy notified approximately 221 patients at the Legacy Mount Medical Center of a 'breach in infection control practices' that may have exposed them to hepatitis B and C, as well as HIV.").

Second, multiple defendants from whom significant relief is sought and whose conduct forms a significant basis for the claims asserted are citizens of Oregon. Providence Health &

Services – Oregon, Legacy, and OAG are Oregon corporations. FAC ¶¶ 22, 26, 29. Willamette Falls Medical Center, Providence Portland Medical Center, and Legacy Mount Hood Medical Center are medical facilities in Oregon. *Id.* ¶¶ 23, 24, 27. The OAG physician who treated patients at Providence and Legacy facilities in Oregon is alleged to have breached certain infection control practices that exposed Plaintiffs and the putative class to hepatitis and/or HIV. *Id.* ¶ 3. Consequently, more than one defendant from whom significant relief is sought is an Oregon citizen.

Third, Plaintiffs sustained their alleged injuries in Oregon. Notably, Plaintiffs allege only that they and members of the putative class received surgical care in Oregon, not any other state. FAC ¶ 46 ("[T]he physician treated patients at Providence Willamette Falls Medical Center, and Providence Portland Medical Center between 2017 and 2023. . . . [T]he physician treat[ed] patients at Legacy Mount Hood Medical Center for approximately six months."); ¶ 63 ("On November 23, 2022, Plaintiff E.P. underwent surgery at Providence Willamette Falls Medical Center."); ¶ 70 ("On January 9, 2023, Plaintiff K.R. underwent inpatient surgery at Providence Willamette Falls Medical Center[.]"); ¶ 77 ("Plaintiff C.R. received anesthesia services at Providence Willamette Falls Medical Center on August 17, 2023, December 8, 2023, and on or about February 6, 2024."); ¶ 82 ("Plaintiff D.C. received anesthesia services at Providence Willamette Falls Medical Center on or about March 25, 2022."); ¶ 89 ("Plaintiff A.L. received anesthesia services at Legacy Mount Hood Medical Center in or around May 2024."); ¶ 96 ("Plaintiff B.G. received anesthesia services at Legacy Mount Hood Medical Center on April 15, 2024."). All of these current or former patients received medical treatment at either Providence Willamette Falls Medical Center in Oregon City, Oregon or Providence Portland Medical Center in Portland, Oregon. Williamson Decl. ¶ 7(c). Plaintiffs have pleaded no facts to suggest that

they or any member of the putative class incurred an injury elsewhere. *See generally* FAC.

Finally, during the three-year period preceding Plaintiffs' filing of this action, no other class action has been filed "asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A)(ii); *see also* Czuk Decl. ¶¶ 4-6 (as to Providence). At its core, this dispute is a local controversy, and the Court must, under 28 U.S.C. § 1332(d)(4)(A), decline to exercise subject matter jurisdiction and dismiss this case in favor of filing in Oregon state court.

### ii.     The Home-State Controversy Exception Also Applies

The home-state controversy exception also applies. As an initial matter, and as discussed above, greater than two-thirds of the putative class members are citizens of Oregon. Further, the primary defendants in this action are Oregon citizens. As the Ninth Circuit has explained:

> [A] court analyzing whether a defendant is a "primary defendant" for purposes of CAFA's home state exception should first assume that all defendants will be found liable. The court should then consider whether the defendant is sued directly or alleged to be directly responsible for the harm to the proposed class or classes, as opposed to being vicariously or secondarily liable. The court should also consider the defendant's potential exposure to the class relative to the exposure of other defendants.

*Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1068 (9th Cir. 2019). Importantly, a district court "should not treat these considerations as exhaustive or apply them mechanistically." *Id.*

Plaintiffs bring a single claim of negligence against multiple Providence entities. Plaintiffs, however, plead no facts to support that defendants Providence St. Joseph Health and Providence Health & Services, both Washington nonprofit corporations with principal places of business in Renton, Washington, are primary defendants in this action. FAC ¶¶ 19-21; *see also Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A] corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state

in which it is incorporated."). Plaintiffs allege only that Providence Health & Services – Oregon, an Oregon religious nonprofit corporation, and Providence Willamette Falls Medical Center and Providence Portland Medical Center, medical facilities located in Oregon, are responsible for Plaintiffs' harm. *See* FAC ¶¶ 22-24. Specifically, plaintiffs E.P., K.R., C.R., and D.C. allege that they received surgical treatment at Providence Willamette Falls Medical Center or Providence Portland Medical Center, and subsequently received notice from these Oregon entities regarding the possible breach of Providence's comprehensive infections control practices. *See id.* ¶ 64 ("Plaintiff E.P. received a notification electronically and in her MyChart account from Providence Clackamas County and Defendant Providence Willamette Falls Medical Center[.]"); ¶ 71 ("Plaintiff K.R. received a notification in her MyChart account from Providence Clackamas County and Defendant Providence Willamette Falls Medical Center[.]"); ¶ 78 ("Plaintiff C.R. received a letter from Defendant Providence Health & Services – Oregon[.]"); ¶ 83 ("Plaintiff D.C. received a letter from Defendant Providence Health & Services – Oregon[.]"). In other words, the operative complaint contains no allegations regarding Providence St. Joseph Health's and Providence Health & Services' purported role in the events giving rise to Plaintiffs' claims.

In contrast, the operative complaint contains multiple allegations regarding the purported role of Providence Health & Services – Oregon, Providence Willamette Falls Medical Center, Providence Portland Medical Center, Legacy, Legacy Mount Hood Medical Center, and OAG in this dispute. Namely, Plaintiffs allege that they received treatment at and/or notification from these Oregon entities regarding their potential exposure to certain infections after being treated by a physician employed by OAG. FAC ¶¶ 63-102. Plaintiffs cannot reasonably dispute that these entities are the primary defendants in this case, or that the entities are Oregon citizens. *Id.*

¶¶ 22-30. Because the only primary defendants are citizens of Oregon, the Court must, under 28 U.S.C. § 1332(d)(4)(B), decline to exercise subject matter jurisdiction and dismiss this case.

## 2. <u>Plaintiffs Fail to State a Claim for Negligence Under Oregon Law</u>

If the Court exercises jurisdiction over this action, it should dismiss Plaintiffs' single claim of negligence against Providence, based on an alleged failure to "properly admit, train, supervise and retain a physician that exposed or potentially exposed thousands of patients to hepatitis B, hepatitis C, and HIV."[4] FAC ¶¶ 114-27. Although Plaintiffs have not tested positive for any of these diseases, *see id.* ¶¶ 65-66, 72-73, 84-85, 91-92, 98-99, they seek damages from Providence for "serious emotional distress, including but not limited to living with the knowledge that they could have or potentially will contract a bloodborne pathogen disease, such as hepatitis B, hepatitis C, and HIV."[5] *Id.* ¶ 125. This claim fails because Plaintiffs have not alleged any physical injuries in the operative complaint, or the existence of a duty distinct from the duty to avoid foreseeable injuries. In the alternative, the Court should dismiss Plaintiffs' theory of direct liability against Providence because Plaintiffs do not allege that Providence knew or should have known about any foreseeable risk of harm posed by the OAG physician.

### i. <u>Plaintiffs Fail to Plead an Actionable Injury Under Oregon Law</u>

To state a claim for medical negligence under Oregon law, a plaintiff must sufficiently plead the following elements: "(1) a duty that runs from the defendant to the plaintiff; (2) a

---

[4] As discussed in Section III.A, *supra*, plaintiffs A.L. and B.G. did not receive anesthesia services at Providence. These plaintiffs received anesthesia services at Legacy Mount Hood Medical Center. FAC ¶¶ 89, 96.

[5] Notably, plaintiff C.R. does not allege that she sought testing for hepatitis B, hepatitis C, and/or HIV after receiving notification of her risk of exposure. FAC ¶¶ 77-81.

breach of that duty; (3) a resulting harm to the plaintiff measurable in damages; and (4) a causal link between the breach and the harm." *Curtis v. MRI Imaging Servs. II*, 327 Or. 9, 14, 956 P.2d 960 (1998) (citing *Zehr v. Haugen*, 318 Or. 647, 653-54, 871 P.2d 1006 (1994)). Not all alleged harms, however, give rise to an actionable negligence claim. *See Lowe v. Phillip Morris USA, Inc.*, 344 Or. 403, 410, 183 P.3d 181 (2008). "Oregon law has long recognized that the fact that a defendant's negligence poses a threat of future physical harm is not sufficient, standing alone, to constitute an actionable injury." *Id.*; *see also Zehr v. Haugen*, 318 Or. 647, 656-57, 871 P.2d 1006 (1994) ("[T]his court has held that the threat of future harm, by itself, is insufficient as an allegation of damage in the context of a negligence claim[.]").

Generally, Oregon courts have recognized liability for emotional harm, standing alone, in three situations: (1) "where the defendant intended to inflict severe emotional distress," (2) "where the defendant intended to do the painful act with knowledge that it will cause grave distress, when the defendant's position in relation to the plaintiff involves some responsibility aside from the tort itself," and (3) "where the defendant's conduct infringed on some legally protected interest apart from causing the claimed distress, even when that conduct was only negligent." *See Hammond v. Cent. Lane Commc'n Ctr.*, 312 Or. 17, 22-23, 816 P.2d 593 (1991). With respect to the third exception, Oregon courts have held that a legally protected interest "refers to a duty that goes beyond or is distinct from the general duty . . . to avoid foreseeable injuries." *Curtis*, 327 Or. at 12-13 (citing *Fazzolari v. Portland Sch. Dist. No. 1J*, 303 Or. 1, 734 P.2d 1326 (1987)). In other words, "for the law to recognize purely psychological harm in a medical malpractice case, the plaintiff must establish that there is a duty to guard against that psychological harm." *See Rustvold v. Taylor*, 171 Or. App. 128, 134, 14 P.3d 675 (2000); *see also Curtis*, 327 Or. at 15 ("Our holding should not be read to mean that medical professionals

operate under a general duty to avoid any emotional harm that foreseeably might result from their conduct. In that regard, their duty is no greater than that of the population at large.").

In this case, Plaintiffs allege no physical injuries resulting from Providence's purported negligence. *See generally* FAC. Instead, Plaintiffs contend only that they have incurred damages including "the need for necessary medical care, treatment, and services," "inconvenience and loss of time associated with such medical care, treatment, and services," and "serious emotional distress, including but not limited to living with the knowledge that they could have or potentially will contract a bloodborne pathogen disease, such as hepatitis B, hepatitis C, and HIV." *Id.* ¶ 125. Significantly, these are not allegations of physical injury, and Plaintiffs' alleged fear of potentially contracting hepatitis B, hepatitis C, and/or HIV, standing alone, does not constitute an actionable injury for negligence purposes.

*Rustvold v. Taylor* is instructive. There, an anesthesiologist administered plaintiff an anesthetic during a routine surgical procedure. 171 Or. App. at 130. Following the procedure, the anesthesiologist observed two syringes on his instrument tray that had been used to administer the same anesthetic. *Id.* The anesthesiologist, however, could not remember which syringe he had used on plaintiff, or whether he had used the same syringe on both plaintiff and a previous patient. *Id.* After being informed of the incident, plaintiff received a portion of a hepatitis B vaccination and submitted to HIV testing on three occasions, all of which returned negative results. *Id.*

Similar to the present matter, plaintiff in *Rustvold* claimed to have "experienced emotional distress based on her fear of contracting Hepatitis B or HIV following the report that she may have been administered anesthesia with a previously used syringe." *Id.* at 137. In affirming the trial court's summary judgment dismissal of plaintiff's emotional harm claim, the

court concluded, among other things, that plaintiff failed to establish the existence of a duty independent of the duty to avoid the risk of foreseeable harm. *Id.* at 138. As the court explained, "[plaintiff's] argument is that her fear of contracting life-threatening diseases is a foreseeable consequence of defendants' negligence. But, as we have noted, that is not enough. Her claim must be predicated on a duty independent of the duty to avoid foreseeable risk of harm." *Id.*

Here, Plaintiffs' negligence claim is not predicated on an independent duty to guard against the psychological harm that they allegedly experienced. Stated differently, Plaintiffs do not invoke any duty imposed on Providence "to guard against recognized *medical* risks that happen to be psychological in nature." *Curtis*, 327 Or. at 15 (emphasis in original). The only duties Plaintiffs raise in the operative complaint are duties to (1) "exercise the degree of care expected from a reasonably prudent medical provider," (2) "safeguard Plaintiffs and the Class Members' well-being," and (3) "properly admit, train, supervise, and retain physicians with admission privileges at its medical facilities to ensure that competent and safe medical care was provided to Plaintiffs and Class Members." FAC ¶ 115. In the absence of a physical injury, these generic allegations of general duties are insufficient to establish Plaintiffs' entitlement to emotional distress damages under Oregon law.

Plaintiffs' allegations regarding an alleged risk of future harm are similarly deficient because "Oregon law does not provide a private right of action for emotional distress damages when those damages are based only on the risk of some future harm." *Paul v. Providence Health Sys. – Oregon*, 351 Or. 587, 602, 273 P.3d 106 (2012). In *Paul*, for example, plaintiffs filed a class action after records containing their names, addresses, phone numbers, Social Security numbers, and certain patient care information were stolen from an employee's vehicle. *Id.* at 589-90. Among other damages, plaintiffs sought to recover for emotional distress associated with

the possible risk of future identify theft. *Id.* at 597. In concluding that plaintiffs failed to state a claim for emotional distress damages, the Oregon Supreme Court observed that "plaintiffs' alleged emotional distress is premised entirely on the *risk* of future identity theft, and not on any actual identity theft or present financial harm. No case from Oregon—or, as far as we can tell, any other jurisdiction—supports the claim that plaintiffs make here." *Id.* at 599 (emphasis in original). Plaintiffs' claim here fails for the same reason. Specifically, Plaintiffs do not allege that they or any members of the putative class have tested positive for hepatis B, hepatitis C, or HIV as a result of Defendants' conduct. *See generally* FAC. Stated differently, Plaintiffs do not allege that they suffered any present physical injury. Plaintiffs' concern that they might test positive for these infections at a future date does not support the recovery of emotional distress damages.

The Court, therefore, should dismiss Plaintiffs' negligence claim against Providence for failure to state a claim.

### ii. In the Alternative, Plaintiffs Have Failed to State a Claim of Negligence Against Providence Under a Theory of Direct Liability

In the operative complaint, Plaintiffs allege that Providence is "directly liable for its own negligent conduct in the admission, training, supervision, and retention of the [OAG] physician that exposed or potentially exposed thousands of patients to hepatitis B, hepatitis C, and HIV." FAC ¶ 117. Plaintiffs, however, fail to allege the factual content necessary to support that Providence knew or should have known of the OAG physician's propensity to breach infection control protocols. Because Plaintiffs fail to plead these necessary facts, the Court should dismiss their negligence claim against Providence to the extent it is premised on a theory of direct liability.

Under Oregon law, "[a]n employer whose employees come into contact with members of the public during their employment is responsible for exercising a duty of reasonable care in the selection or retention of its employes." *Chesterman v. Barmon*, 82 Or. App. 1, 4 (1987), *aff'd and remanded*, 305 Or. 439 (1988). Before direct liability for negligent hiring, training, or supervision may attach, an employer must know or have reason to know of an employee's dangerous propensities. *See Jones v. City of Hillsboro*, No. 3:14-CV-1934-ST, 2015 WL 5737647, at *11 (D. Or. Sept. 29, 2015) (citing *Whelan v. Albertson's, Inc.*, 129 Or. App. 501, 507, 879 P.2d 888 (1994); *Carr v. U.S. W. Direct Co.*, 98 Or. App. 30, 37, 779 P.2d 154, *review denied*, 308 Or. 608, 784 P.2d 1101 (1989)). "The key issue is whether, in light of what the employer knew or should have known about the employee, the employer could reasonably foresee that the employee, if inadequately supervised, would engage in the kind of conduct that ultimately harmed the plaintiff." *Id.*

In this case, Plaintiffs allege, in conclusory fashion, that "Providence breached its duty of care when it failed to properly admit, train, supervise and retain a physician that exposed or potentially exposed thousands of patients to hepatitis B, hepatitis C, and HIV." FAC ¶ 116. Plaintiffs, however, fail to plead any facts giving rise to an inference that Providence knew or should have known of the OAG physician's allegedly dangerous propensities. In other words, the operative complaint does not contain any factual content to support that Providence knew or should have known of the OAG physician's purported failure to follow applicable infection control protocols. For example, Plaintiffs allege that Providence maintains certain policies and procedures that "dictate specific processes for appointment as a member of the medical staff 'based on the applicant's evidence of meeting the established privileging criteria, education, training, experience, demonstrated current clinical competence, peer recommendations, health

status as it impacts the privileges requested, and other relevant information.'" *Id.* ¶ 103. Plaintiffs do not allege that Providence deviated from these policies and procedures when admitting the OAG physician to practice in its facilities. *See generally* FAC; *see also Towner v. Bernardo*, 304 Or. App. 397, 419, 467 P.3d 17 (2020) (clarifying that a "negligent credentialing" claim is "readily understood as a claim for the hospital's negligent hiring").

Likewise, Plaintiffs allege that Providence trains new employees "on how to care for patients to avoid what [it] describes as 'preventable' [healthcare-associated infections]." FAC ¶ 41. Plaintiffs, however, do not allege any facts describing *how* Providence trained the OAG physician or *why* its training was supposedly inadequate. *See generally id.* Absent from the operative complaint are any specific factual allegations that Providence knew or should have known about the risk of harm allegedly posed by the OAG physician. As it stands, the only relevant factual allegation in the complaint is that Providence first learned the physician violated certain infection control protocols after receiving notification from OAG. *Id.* ¶ 45. Plaintiffs' bare legal conclusions regarding Providence's alleged failure to properly admit, train, supervise and retain the OAG physician do not give rise to a reasonable inference that Providence knew or had reason to know of any foreseeable risk of harm. *See Dodd v. AA & S Corp.*, No. 3:17-CV-00246-AC, 2017 WL 4020426, at *4 (D. Or. Aug. 25, 2017), *findings and recommendation adopted*, 2017 WL 4012957 (D. Or. Sept. 12, 2017) (dismissing, among other claims, plaintiff's negligent training and supervision claims and explaining that "[a] legal conclusion without supporting facts does not rise to the level of plausibility"). The Court should therefore dismiss this claim.

### 3.    Plaintiffs Fail to State a Claim Against Certain Providence Entities

Further, the Court should dismiss Plaintiffs' negligence claim against Providence St. Joseph Health and Providence Health & Services because Plaintiffs' limited allegations against these entities is a form of impermissible "shotgun pleading." Shotgun pleading can take multiple forms, including "a complaint that asserts claims against 'multiple defendants without specifying which of the defendants are responsible for which acts or omissions.'" *A.B. v. Hilton Worldwide Holdings*, 484 F. Supp. 3d 921, 943 (D. Or. 2020) (citation omitted). "Shotgun pleadings violate Rule 8 and are subject to dismissal under Rule 12(b)(6) for failure to state a claim." *Derby v. Columbia Cnty.*, No. 3:21-cv-1030-HL, 2022 WL 1090531, at *6 (D. Or. Feb. 8, 2022).

Here, Plaintiffs bring a claim of negligence against five Providence entities and define said entities as the collective "Providence." Plaintiffs, however, do not allege that Providence St. Joseph Health and Providence Health & Services were involved in any actions giving rise to their claim. The only Providence entities allegedly involved in this dispute are Providence Health & Services – Oregon, Providence Willamette Falls Medical Center, and Providence Portland Medical Center. As discussed above, certain plaintiffs allege that they received treatment at and/or notification from these entities regarding their potential exposure to certain infections. FAC ¶¶ 63-88. Because the operative complaint contains no allegations regarding Providence St. Joseph Health's and Providence Health & Services' acts or omissions giving rise to Plaintiffs' claim, the Court should dismiss the negligence claim against them.

### 4.    The Court Should Strike Plaintiffs' Class Allegations

If the Court does not dismiss Plaintiffs' individual claims against Providence, it should strike Plaintiffs' class allegations on the ground that it is apparent from the face of the complaint that Plaintiffs cannot satisfy the requirements of Rule 23. *See Cashatt v. Ford Motor Co.*,

No. 3:19-cv-05886, 2021 WL 1140227, at *1 (W.D. Wash. Mar. 24, 2021). To bring a class

action, a plaintiff must satisfy both Rules 23(a) and one of the subsections of 23(b). *See Canales-

Robles v. Peters*, No. 6:16-cv-01395-AC, 2022 WL 621390, at *2 (D. Or. Mar. 3, 2022) (citing

*Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 542 (9th Cir. 2013)). "Under Rule 23(a), the

plaintiff must satisfy four prerequisites: (1) numerosity; (2) commonality; (3) typicality; and

(4) adequate representation." *Id.* (citing Fed. R. Civ. P. 23(a)). "After meeting this threshold, the

plaintiff must demonstrate 'through evidentiary proof' that the putative class action falls under

one of the three prongs of Rule 23(b). *Id.* (citing Fed. R. Civ. P. 23(b); *Comcast Corp. v.

Behrend*, 568 U.S. 27, 33 (2013)).[6] Where the complaint, however, "demonstrates that a class

action cannot be maintained on the facts alleged, a defendant may move to strike class

allegations prior to discovery." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal.

2009).

In this case, discovery is unnecessary because the operative complaint demonstrates that

Plaintiffs cannot satisfy the requirements of either Rule 23(b)(2) or 23(b)(3).[7]

---

[6] In the operative complaint, Plaintiffs do not allege that a class is maintainable under the first prong of Rule 23(b). Instead, Plaintiffs address only the second and third prongs under Rules 23(b)(2) and (3), respectively. *See* FAC ¶ 105.

[7] Notably, Plaintiffs' class allegations also are deficient under Rule 23(a). Plaintiffs assert class allegations against Providence that are separate and distinct from their class allegations against other defendants. In other words, Plaintiffs underscore distinctions between the alleged actions of Providence and those of other defendants, thereby undermining any assertion of commonality among the proposed class. FAC ¶¶ 108.a.-n. For example, whether Providence breached any of duty of care is not a question common to the class because some plaintiffs and members of the putative class did not receive treatment at Providence. *See id.* ¶¶ 89, 96 (alleging that plaintiffs A.L. and B.G. received treatment at a Legacy facility). This deliberate separation of allegations against each defendant signals that Plaintiffs themselves do not view the Defendants' conduct as a single source of alleged harm affecting the entire proposed class. *Id.* ¶¶ 108.a., c., e., g.

Page 18 – DEFENDANTS PROVIDENCE ST. JOSEPH HEALTH; PROVIDENCE HEALTH
    & SERVICES; PROVIDENCE HEALTH & SERVICES – OREGON;
    PROVIDENCE WILLAMETTE FALLS MEDICAL CENTER; PROVIDENCE
    PORTLAND MEDICAL CENTER'S MOTION TO DISMISS

i. **Plaintiffs Cannot Maintain a Rule 23(b)(2) Class**

In the operative complaint, Plaintiffs allege that class certification is "appropriate under Rule 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the members of the Class as a whole." FAC ¶ 112. The Court should strike this allegation for one simple reason: Plaintiffs do not seek declaratory or injunctive relief on behalf of themselves or the putative class. *See* FAC § VIII, ¶¶ 1–5.

"Rule 23(b)(2) provides that a class action is appropriate if 'the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.'" *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1195 (9th Cir. 2001) (quoting Fed. R. Civ. P. 23(b)(2)). "Class certification under Rule 23(b)(2) is appropriate *only where the primary relief sought* is declaratory or injunctive." *Id.* (emphasis added). Importantly, Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360-61 (2011).

Here, Plaintiffs seek neither declaratory nor injunctive relief, and the only reference in the operative complaint to such relief is found in a single introductory paragraph. *See* FAC ¶ 6 ("This class action seeks damages, injunctive relief, declaratory judgments, costs, attorneys' fees, and other relief because of Defendants' conduct described herein."). Noticeably absent from Plaintiffs' prayer for relief, however, is any mention of declaratory or injunctive relief. *Id.* § VIII, ¶¶ 1-5. In contrast, Plaintiffs' allegations regarding monetary damages are plentiful, *see, e.g.*, *id.* ¶¶ 68, 75, 80, 87, 94, 101, 127, 135, 149, and Plaintiffs pray for an award of all "actual, general,

special, incidental, statutory, punitive, and consequential damages to which Plaintiffs and Class members are entitled," *id.* § VIII, ¶ 2. Plaintiffs cannot dispute that they do not seek declaratory or injunctive relief on behalf of themselves or the putative class and, even if they did, such relief is not the primary relief they seek in this action. The Court therefore should strike Plaintiffs' request for class certification under Rule 23(b)(2).

### ii.  Plaintiffs Cannot Satisfy the Predominance Requirement of Rule 23(b)(3)

Further, Plaintiffs cannot satisfy Rule 23(b)(3), which requires, in part, that "questions of law or fact common to class members predominate over any questions affecting only individual members." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) (citing Fed. R. Civ. P. 23(b)(3)). "The predominance inquiry asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Id.* at 453 (cleaned up). Here, the allegations in the operative complaint demonstrate that individual questions predominate. *See Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 663 (9th Cir. 2022) ("[A]n individual question is one where members of a proposed class will need to present evidence that varies from member to member."). Namely, the assessment of causation, an essential element of Plaintiffs' negligence claim, necessarily requires many individualized inquires.

Although Plaintiffs do not allege that they or members of the putative class have tested positive for hepatitis B, hepatitis C, and/or HIV, they contend the question of causation is common to the class. *See* FAC ¶ 108.i. The question of causation in this case, however, cannot be resolved with class-wide proof. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 208 F.R.D. 625, 632 (W.D. Wash. 2002) ("An assessment of specific causation—in this case,

whether PPA caused, may cause, or caused a fear of injury to these individuals—thus, necessarily dissolves into a myriad of individualized causation inquiries."); *Steering Comm. v. Exxon Mobil Corp.*, 461 F.3d 598, 603 (5th Cir. 2006) ("In this case, although the alleged cause of the injuries is also a single accident—a refinery fire—the causal mechanism for plaintiff's injuries—alleged exposure or fear of exposure to toxic substances—is not so straightforward.").

The operative complaint rests on the faulty assumption that Defendants' alleged actions caused Plaintiffs and the putative class to suffer the same harm. Specifically, Plaintiffs allege that they and the putative class members "incurred the need for necessary medical care, treatment, and services received as of the filing of this action and with reasonable probability to be required in the future," "incurred inconvenience and loss of time associated with such medical care, treatment, and services," "suffered serious emotional distress, including but not limited to living with the knowledge that they could have or potentially will contract a bloodborne pathogen disease, such as hepatitis B, hepatitis C, and HIV," and "suffered severe emotional distress consisting of shock, fright, horror, anguish, suffering, grief, anxiety, nervousness, embarrassment, humiliation, and shame." FAC ¶¶ 125-26, 133-34, 147-48. Determining the specific harm allegedly caused to 2,400 individuals necessarily requires proof that varies from member to member. Further, to the extent any members of the putative class have tested positive for hepatitis B, hepatitis C, and/or HIV, individualized proof will be required to establish medical causation. Tellingly, Plaintiffs allege that some of their and the putative class members' injuries "are unknown and require and will continue to require expensive medical care and treatment . . . and will be determined by the jury at the time of trial." *Id.* FAC ¶¶ 127, 135, 149. Whether Defendants allegedly caused certain putative class members to suffer presently unknown injuries will unquestionably require individualized proof.

Page 21 – DEFENDANTS PROVIDENCE ST. JOSEPH HEALTH; PROVIDENCE HEALTH & SERVICES; PROVIDENCE HEALTH & SERVICES – OREGON; PROVIDENCE WILLAMETTE FALLS MEDICAL CENTER; PROVIDENCE PORTLAND MEDICAL CENTER'S MOTION TO DISMISS

To remedy this issue, Plaintiffs allege in the alternative that the Court may, under Rule 23(c)(4), certify issues classes. FAC ¶ 113. "Rule 23 authorizes the district court in appropriate cases to isolate the common issues under [Rule 23(c)(4)] and proceed with class treatment of these particular issues." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). Plaintiffs, however, do not allege what specific issues in this case are susceptible to class treatment, or how certification of such issues would advance the ultimate resolution of this action. Because this class action cannot be maintained, the Court should strike Plaintiffs' class allegations with prejudice.[8]

### D.    CONCLUSION

For the foregoing reasons, the Court should decline to exercise jurisdiction and dismiss Plaintiffs' claim against Providence pursuant to § 1332(d)(4). In the event the Court exercises jurisdiction over this dispute, the Court should, under Rule 12(b)(6), dismiss Plaintiffs' claim against Providence for failure to state a claim. In the alternative, the Court should, under Rule 12(f), strike Plaintiffs' class allegations.

DATED: November 22, 2024

K&L GATES LLP

By: *s/ Elizabeth H. White*
Elizabeth H. White, OSB #204729
elizabeth.white@klgates.com
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: (503) 228-3200
Facsimile: (503) 248-9085

---

[8] If the Court strikes Plaintiffs' class allegations, it should consider whether it may continue to exercise subject matter jurisdiction over this dispute. As discussed above, the only basis alleged for this Court's subject matter jurisdiction is minimal diversity under CAFA, 28 U.S.C. § 1332(d)(2), and complete diversity of citizenship is not present in this action because all plaintiffs and most defendants are Oregon citizens. *See supra* n.4.

Erin Palmer Polly
(*pro hac vice*)
erin.polly@klgates.com
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
Telephone: (615) 780-6700
Facsimile: (615) 780-6799

Pallavi Mehta Wahi
(*pro hac vice*)
pallavi.wahi@klgates.com
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104
Telephone: (206) 623-7580
Facsimile: (206) 623-7022

*Attorneys for Defendants
Providence St. Joseph Health,
Providence Health & Services,
Providence Health & Services –
Oregon, Providence Willamette
Falls Medical Center, and
Providence Portland Medical
Center*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served on November 22, 2024, with a copy of the foregoing document via the Court's CM/ECF system.

DATED: November 22, 2024

By: */s/ Elizabeth H. White*
     Elizabeth H. White